UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELLEN M. REIL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00033-NT |
| | ) | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff Ellen Reil's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform past relevant work. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action for judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**The Administrative Findings**

The Commissioner's final decision is the December 9, 2015, decision of the Administrative Law Judge (ALJ). (ECF No. 10-2.)[1] The ALJ's decision tracks the familiar

---

[1] Because the Appeals Council found no reason to review that decision, Defendant's final decision is the ALJ's decision.

five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of attention deficit disorder/attention deficit hyperactivity disorder and anxiety disorder, but that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, provided the work involves only "simple tasks," is "object oriented," and involves only occasional interaction with the public. (ALJ Decision ¶¶ 3 – 5.) The ALJ determined that Plaintiff's RFC would enable her to perform past relevant work as a maid/housekeeper. (*Id.* ¶ 6.) Alternatively, the ALJ concluded that Plaintiff could perform other substantial gainful activity, including the representative occupations of janitor, kitchen worker, packager, cleaner, and assembler. Accordingly, the ALJ found Plaintiff was "not disabled" for the period starting with the alleged onset date of May 26, 2011, and ending on the date of decision, December 9, 2015. (*Id.* ¶ 7.)

**Standard of Review**

A court must affirm the administrative decision provided the correct legal standards were applied and provided the decision is supported by substantial evidence. This is so even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are

not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**Discussion**

Plaintiff argues the ALJ ignored medical opinion evidence from Brian Stahl, Ph.D., a state agency consultant, that, if credited, would preclude Plaintiff's interaction with the general public. Plaintiff contends the ALJ erred when she omitted the limitation because she relied on Dr. Stahl to support her RFC finding and did not explain the reasons she did not follow Dr. Stahl's opinion regarding Plaintiff's ability to interact with the public. (Statement of Errors at 8 – 9, ECF No. 14.) Plaintiff also argues her past relevant work was part-time and thus cannot serve as a basis for denial at step 4. (*Id.* at 10.) Plaintiff further maintains the ALJ's alternative step 5 finding was error because the vocational expert's opinion upon which the ALJ relied was unreliable because the hypothetical question from which the opinion was derived was flawed. (*Id.* at 11.) Finally, Plaintiff contends the ALJ did not properly weigh treating source opinion evidence. (*Id.* at 12 – 16.)

On October 7, 2014, Disability Determination Services consultant Dr. Stahl, upon reconsideration of the initial denial determination, found that Plaintiff had the capacity to engage in substantial gainful activity in the form of "simple" work, but that she was not able to work with the public. (Ex. 4A, R. 97 – 98.) Dr. Stahl considered, inter alia, the report of consultative examination performed by Patricia Kolosowski, Ph.D. (Ex. 8F, R. 374), and the available treatment records of Donna Novelli, Ph.D. (Ex. 6F). (See Ex. 4A, R. 89 – 91.) According to the ALJ, Dr. Stahl's opinion "is consistent with the record." (R. 30.)

Plaintiff's most recent mental health provider, Dr. Novelli, opined that due to Plaintiff's mental impairments, Plaintiff does not have the mental abilities and aptitudes needed to do unskilled work. (Ex. 7F, R. 368; Ex. 11F.) Dr. Novelli also determined that Plaintiff is "seriously limited, but not precluded" from interacting appropriately with the general public. (Ex. 7F, R. 369.) The ALJ gave Dr. Stahl's opinion "substantial evidentiary weight" and Dr. Novelli's opinion "minimal weight." (R. 29.)

Plaintiff contends the ALJ did not sufficiently refute Dr. Novelli's opinion, and should have given the opinion more weight. Contrary to Plaintiff's argument, the ALJ provided sound reasons to reject or discount Dr. Novelli's opinion, including the fact that the longitudinal records fail to substantiate limitations assessed by Dr. Novelli. (R. 29.) Furthermore, the ALJ's determination is also supported by Dr. Kolosowski's source statement that Plaintiff "presents as having some abilities to work in some situations," but that "she might be more successful in situations with few people." (Ex. 8F, R. 377.) The ALJ also determined Plaintiff's subjective report of symptoms was not particularly credible, citing in part the progress report of a treating source (Laura Hancock, D.O.) who declined Plaintiff's request to support her claim of disability on the ground that Plaintiff appeared to be capable of working.[2] (R. 28 – 30; Ex. 2F, R. 278.) The ALJ's credibility assessment, which is supported by competent evidence on the record, reinforces the ALJ's decision to assign minimal weight to Dr. Novelli's opinion. Moreover, the opinions of

---

[2] Although the source provided that assessment prior to the date Plaintiff alleges for onset of disability, Plaintiff's psychological symptoms are primarily described as sequelae of a brain aneurysm. The aneurysm was of record at the time. (*Id.*; *see also* Tr. of Hr'g at 24, ECF No. 10-2, R. 60.)

both Dr. Stahl and Dr. Kolosowski provide support for the ALJ's finding that Plaintiff has a residual functional capacity for substantial gainful activity. In short, the record evidence supports the ALJ's determination that Plaintiff has the capacity to perform a full range of work at all exertional levels, with the ability to understand and carry out simple tasks.

The next issue is whether Plaintiff's work capacity includes some interaction with the public. The ALJ found that Plaintiff "has a limitation in social interactions requiring an object oriented task with only occasional work related interactions with the general public." (R. 25.) Plaintiff argues in part that the ALJ erred because although she afforded substantial weight to Dr. Stahl's opinion, the ALJ's conclusion is inconsistent with Dr. Stahl's determination that Plaintiff could not interact with the public.

Defendant argues that Dr. Novelli's opinion demonstrates that the ALJ's assessment that Plaintiff can occasionally interact with the public is a fair assessment of Plaintiff's capabilities. (Response at 3, ECF No. 16.) In addition, Defendant argues that Dr. Stahl's preclusion of work with the public does not preclude all incidental contact with the public. (*Id.* at 4.) Finally, Defendant argues that resolution of the debate regarding public interaction is not determinative, because two of the jobs cited in support of the ALJ's step 5 finding do not involve work with the public. (*Id.* at 8.)

First, the record evidence supports the ALJ's finding that Plaintiff could have some limited interaction with the public. Dr. Novell's opinion directly supports the ALJ's determination. In addition, Plaintiff's reports of her activity level confirm that she can occasionally interact with members of the public.

5

In addition, even if Plaintiff's functional capacity were to exclude interaction with the public, at step five, the ALJ found representative occupations that do not require meaningful contact with the general public, which finding is supported by the record.[3] The occupations include cleaner/hospital (DOT # 323.687-010) and kitchen worker/dishwasher (DOT # 318.687-010), for which jobs the occupational definition does not include interaction with the public. This Court has held that a job definition that includes the designation "People: 8—Taking Instructions—Helping," and does not otherwise mention public interaction will support a step 5 determination for a claimant capable of handling "usual work situations not involving the public," provided that the job exists in significant numbers in the national economy. *Gleason v. Colvin*, No. 1:15-cv-00012-NT, 2015 WL 7013661, at *5 (Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7012739 (D. Me. Nov. 12, 2015).[4] Here, the cleaner/hospital and kitchen worker/dishwasher occupations include the "People: 8" designation, and neither job is defined to involve public interaction. The vocational expert testified that the jobs exist in significant numbers,

---

[3] At step 5, claimants can be found disabled or not disabled by rule through application of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, without the need to call any vocational expert. If neither result is conclusively indicated, Defendant has "the burden of coming forward with evidence of specific jobs in the national economy that [the claimant] can perform." *Arocho v. Sec'y of HHS*, 670 F.2d 374, 375 (1st Cir. 1982). Plaintiff suggests that her age is a factor important to the step 5 analysis, because under the Medical-Vocational Guidelines Plaintiff qualified as a person of "advanced age" (56) on the date of her hearing before the ALJ. (Statement of Errors at 11 n.1.) However, because Plaintiff has not made a case to support the existence of any exertional limitation, table 3 of the Medical-Vocational Guidelines, § 203.14, does not require a finding of disabled by rule. Additionally, the vocational expert was specifically asked to consider Plaintiff's age when providing available jobs. (Tr. of Hr'g at 26, R. 62.)

[4] *See* Dictionary of Occupational Titles (4th ed., Rev. 1991) ("Parts of the Occupational Definition"), 1991 WL 645965, *available at* https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTPARTS.HTM (last visiting Oct. 13, 2017).

i.e., 1.2 million and 230,000, respectively. (Tr. of Hr'g at 27, ECF No. 10-2, R. 63.) Accordingly, even if the ALJ erred by failing to provide the vocational expert with a hypothetical that precluded work with the public, the ALJ's error was harmless because Defendant's step 5 burden is supported by substantial evidence of jobs existing in substantial numbers that Plaintiff can perform without the need to interact with the public.

In sum, the record supports the ALJ's RFC determination, and her determination that jobs exist in significant numbers in the national economy that Plaintiff can perform.[5]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of October, 2017.

---

[5] Because the step 5 finding is substantiated, the Court need not review the separate issue whether Plaintiff's past relevant work was full-time or part-time work.